IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRICE BRAXTON,**
    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:18-CV-181
(GROH)**

**TYGART VALLEY REGIONAL JAIL,
CORRECTIONAL STAFF TVRJ,
ADMINISTRATION TVRJ, and
WEST VIRGINIA REGIONAL JAIL AUTHORITY,**
    **Defendants.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

Plaintiff is a state inmate presently confined at Pruntytown Correctional Center, in Grafton, West Virginia, following his conviction in Upshur County, West Virginia Circuit Court for receiving or transferring stolen property in case number 18-F-47, with sentence having been imposed by order entered February 8, 2019. https://apps.wv.gov/ois/offendersearch/doc.  Plaintiff was previously incarcerated at the Tygart Valley Regional Jail ("TVRJ" or "Tygart Valley") in Belington, West Virginia. Apparently, it was during his confinement at Tygart Valley that the events occurred which led to this civil action being filed pursuant to 42 U.S.C. § 1983.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review.  For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice.

## II.     FACTUAL AND PROCEDURAL HISTORY

On November 5, 2018, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the named defendants violated his constitutional rights by subjecting him to cruel and unusual punishment. ECF No. 1 at 6 – 8.[1]  Specifically, Plaintiff asserts that the conditions of his confinement violated his Constitutional rights. In Claim 1, he contends that the quality of food provided to him was inadequate, and that the food provided to him was "contaminated" on multiple occasions with other people's bodily fluids or cleaning supplies. Id. at 6, 1-1 at 1.  In Claim 2, he asserts that pretrial inmates were housed with sentenced inmates, and felony and misdemeanor inmates were housed together. ECF No. 1 at 7, 1-1 at 1.  In Claim 3, he states that the jail conditions were unsanitary, being cleaned with bleach once per week, without daily cleaning. ECF No. 1 at 7, 1-1 at 2.  As for Claim 4, he complains that laundry service for clothing and linens was inadequate, leading to "unsanitary and dangerous conditions". Id.  Finally, in Claim 5, he alleges that he was given a limited period of outdoor recreation Id.

In the section of the Court-approved form for Plaintiff to describe his injury, Plaintiff wrote, "continued on attached page". ECF No. 1 at 9.  In the attached pages Plaintiff claims that he was subjected to an "unhealthy, unsanitary and potentially dangerous environment, [with the] danger increasing exponentially the longer the duration of exposure" and that the "demoralizing effects of willful abuse and intentional neglect are clearly outlined in claims section." ECF No. 1-1 at 3.  Plaintiff seeks $3,300,000.00 in total damages. ECF No. 1-1 at 3.

---

[1] All ECF references herein are for the instant case, 3:18-CV-181, unless otherwise noted.

Plaintiff has not paid an initial partial filing fee, however, the Court notes that the Plaintiff appears to be truly indigent[2].

### III. LEGAL STANDARD

A.     Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

---

[2] In its order dated February 1, 2019, the Court noted that Plaintiff's Prisoner Trust Account Report indicated that he had an average balance of $0.11 during the six months preceding the filing of his civil action, with an actual current balance of $0.06, and with an average deposit of $2.00. ECF No. 10 at 2.

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

5

## IV. ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161. Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. Gomez, 446 U.S. at 640.

Plaintiff has named four defendants, none of whom are individuals, and fails to describe with specificity as to how any of those defendants violated his Constitutional rights. As to Plaintiff's allegations in Claims 1 through 5 that Defendants violated his Constitutional rights against cruel and unusual punishment, he fails to make a specific assertion against any Defendant. ECF No. 1 at 6 – 7, 1-1 at 1 – 3. Rather, Plaintiff makes blanket assertions as to Defendants' failure to provide adequate conditions of confinement without providing any detail to support his claims. Id. "Liability under § 1983 is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d. 391, 402 (4th Cir. 2001) (internal citation omitted). Accordingly, to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violated his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). Plaintiff must demonstrate personal involvement on the part of each defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). However, Plaintiff failed to name an individual state actor or allege that any state actor had any personal involvement in the alleged violations of his

Constitutional rights, much less a causal connection between the alleged action and any resulting harm. Accordingly, Plaintiff fails to state a claim upon which relief may be granted in Claims 1 through 5.

Moreover, Plaintiff has named as defendants the Tygart Valley Regional Jail where he was incarcerated, Correctional Staff at TVRJ, Administration at TVRJ and the West Virginia Regional Jail Authority. Jails and prisons are improperly named as defendants in civil rights actions. The Supreme Court has long recognized that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Pittman v. Kurtz, 165 F.Supp.2d 1243, 1247 (D.Kan. 2001) ("the jail is not an entity which can be sued"); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Cook County Jail is not a 'person'"). Further, Plaintiff failed to make a single allegation against any named individual in the body of his complaint.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. Although Plaintiff's complaint is both short and plain, it fails to name a proper defendant who Plaintiff claims violated his civil rights. Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed with prejudice.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Plaintiff's section 1983 complaint [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District

Court for the Northern District of West Virginia.

    DATED:    February 13, 2020

                                            /s/ *Robert W. Trumble*
                                            ROBERT W. TRUMBLE
                                            UNITED STATES MAGISTRATE JUDGE